**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS SAAVEDRA ISLAS,<br>Petitioner,<br>v.<br>DHS, *et al.*,<br>Respondents. | Case No. 5:26-cv-02572-PA-ACCV<br><br>**ORDER DISMISSING PETITION** |

On May 12, 2026, Petitioner Jesus Saavedra Islas ("Petitioner"), who was detained by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") seeking release from ICE custody. (Dkt. 1.) On May 20, 2026, Respondents filed a Return to the Petition. (Dkt. 8.)

On June 12, 2026, the Magistrate Judge dismissed the Petition with leave to amend no later than 30 days from the date of the order. (Dkt. 9.) Petitioner did not file an amended petition. The Court *sua sponte* granted Petitioner one final opportunity to file an amended petition. (Dkt. 10.)

On July 29, 2026, Respondents filed a Notice of Intended Transfer stating

that "ICE has served a notice of removal on the Petitioner, identifying him as scheduled for transfer on July 31, 2026, to Mexico in accordance with his Final Order of Removal issued on June 18, 2026." (Dkt. 11 at 1.)

On August 5, 2026, the Court requested a status update from Respondents regarding Petitioner's whereabouts. (Dkt. 12.)

On August 11, 2026, Respondents notified the Court that Petitioner was removed to Mexico on July 31, 2026. (Dkt. 13 at 1.)

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.* If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot grant 'any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (citation omitted).

Here, the Petition seeks Petitioner's release from ICE custody on the grounds that his arrest and detention were unlawful and unwarranted. (*See generally* Dkt. 1.) Petitioner's removal to Mexico on July 31, 2026, means that he is no longer subject to immigration detention or any other conditions from which this Court could grant relief. Because no further relief can be given to Petitioner by the Court, the Petition is moot and the case must be dismissed for lack of jurisdiction. *See Calderon*, 518 U.S. at 150; *Ruvalcaba*, 167 F.3d at 521.

/ / /

/ / /

**ORDER**

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: August 13, 2026

PERCY ANDERSON
United States District Judge

Presented by:

ANGELA C. C. VIRAMONTES
United States Magistrate Judge